UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| LESLIE BROOKS SWARTOUT, JR., #362403, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:07-cv-315 |
| v. | ) ) | Honorable Robert J. Jonker |
| CORRECTIONAL MEDICAL SERVICES, INC., et al., | ) ) ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) ) ) | |

_____)

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint relates to the medical care that plaintiff received while he was an inmate at the West Shoreline Correctional Facility (MTF) located in Muskegon Heights, Michigan. Plaintiff is currently an inmate at the Parr Highway Correctional Facility (ATF) located in Adrian, Michigan. The three defendants plaintiff named in his complaint are: (1) Correctional Medical Services, Inc. (CMS); (2) Craig Hutchinson, M.D.; and (3) Unknown Lenore, P.A. Plaintiff seeks an award of monetary damages and "immediate release [from prison] to [allow plaintiff] to receive proper medical attention."[1]  (docket # 1, ¶ VI).

---

[1]Section 1983 is not an appropriate vehicle through which to seek release from custody. Plaintiff's exclusive means of challenging the fact or duration of his confinement in federal court is a habeas corpus petition.  *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005).

The matter is currently before me on a motion for summary judgment by defendants CMS and Hutchinson.  (docket # 33).  Plaintiff filed a brief in opposition to defendants' motion on April 28, 2008.  (docket # 48).  Defendants filed a reply brief (docket # 50), and the motion for summary judgment is ready for decision.  On May 12, 2008, plaintiff filed a "Motion to Seek Medical Relief" (docket # 49), which is liberally construed as a motion for a preliminary injunction. For the reasons set forth herein, I recommend that plaintiff's motion be denied, and that defendants' motion for summary judgment be granted.

## Applicable Standards

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006); *Briggs v. Potter*, 463 F.3d 507, 511 (6th Cir. 2006).  The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Swiecicki v. Delgado*, 463 F.3d 489, 492 (6th Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

When the party without the burden of proof (generally the defendant) seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of

evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Pack v. Damon Corp.*, 434 F.3d 810, 814 (6th Cir. 2006). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252); *see Kessler v. Visteon Corp.*, 448 F.3d 326, 329 (6th Cir. 2006); *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). "A nonmoving party may not avoid a properly supported motion for summary judgment by simply arguing that it relies solely or in part on credibility considerations. Instead, the nonmoving party must present evidence to defeat a properly supported motion for summary judgment. The party opposing summary judgment must be able to point to some facts which may or will entitle him to judgment, or to refute the proof of the moving party in some material portion, and the opposing party may not merely recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).

**Facts**

The following facts are beyond genuine issue.  On September 6, 2006, a nurse at MTF checked plaintiff's blood pressure as part of an medical ongoing effort to get plaintiff's hypertension under control.  The five tests she performed returned an average blood pressure of 143/102.  Plaintiff's height was 5' 9" and his weight was 208 pounds.  Plaintiff gave a history of abdominal discomfort.  He stated that approximately ten months earlier, prior to his incarceration, plaintiff went to a Chicago hospital's emergency room "for 'falling out.'"  (Ex. 1).[2]  Plaintiff stated that he left the hospital before tests were performed.  The nurse at MTF examined plaintiff, and she described plaintiff's abdomen as being soft and tender.  (*Id.*).

On September 20, 2006, Physician's Assistant Thomas A. LaNore[3] examined plaintiff.  LaNore indicated that plaintiff's abdominal x-rays showed "no evidence of mechanical obstruction, gross intraabdominal mass or free air."  (Ex. 2).  His impression was that plaintiff's abdomen was normal.  Plaintiff's blood pressure remained somewhat elevated despite increased dosages of Maxide and Tenormin.  LaNore augmented plaintiff's treatment regimen with Capoten and Niacin.  (*Id.*).

On January 19, 2007, plaintiff complained of ongoing abdominal pain.  Progress notes entered by a nurse at 5:46 p.m. stated that a "consult request for [a] CT scan [had been] denied by CMS," but the nurse had also been advised "to send [plaintiff] to the ER if he ha[d] increasing abdominal pain."  (Ex. 4).  Shortly thereafter, plaintiff was transported outside the prison to Hackley

---

[2]All exhibits referenced herein are the exhibits attached to defendants' brief in support of their motion for summary judgment.  (docket # 35).

[3]"LaNore" is the spelling of the physician's assistant's name in plaintiff's medical records.  The name "Lenore" appears in plaintiff's complaint and Lenore's answer.  (docket #'s 1, 41).

Hospital.  Plaintiff was examined at the hospital at 7:20 p.m. by Tod A. Wyn, M.D.  Dr. Wyn found that plaintiff was alert and not in any acute distress.  (*Id.* at 1).  Plaintiff's primary complaint was abdominal pain.  Plaintiff did not have a fever, and he had not experienced vomiting or diarrhea.  Plaintiff related that his abdominal discomfort was "sometimes sharp and sometimes crampy." (*Id.*).  Plaintiff reported that he was taking the following medications: "Lovastatin, atenolol, captopril, Lopid, Maxzide, and aspirin." (*Id.*).  Plaintiff's blood pressure was 156/102.  A CT scan of plaintiff's abdomen showed "mild" fatty infiltration of the liver.  Radio dense material could be seen within the gallbladder that was consistent with gallstones, but there was "no evidence of significant intrahepatic billary dilation." (*Id.* at 4).  Dr. Wyn described plaintiff's CT scan results as "unremarkable." (*Id.* at 2).  Plaintiff's abdomen was "very benign."  Dr. Wyn treated plaintiff's abdominal discomfort of unknown etiology with Bentyl.  Dr. Wyn advised plaintiff that he found "no evidence of any acute surgical or infectious condition." (*Id.*).

On March 19, 2007, plaintiff submitted a medical kite stating that the Bentyl he was taking was not adequately relieving his symptoms and that he desired an examination by a specialist.  Plaintiff was provided with "Tylenol ES" for his discomfort and was scheduled for an examination by a specialist.  (Ex. 5).  On March 21, 2007, plaintiff was transported outside the prison for his appointment with a specialist, Dr. Brian Gluck.  Dr. Gluck recommended that plaintiff undergo surgery to remove gallstones.  Plaintiff received medication for his discomfort, and surgery was scheduled. On May 25, 2007, Dr. Gluck performed surgery in which he removed plaintiff's gallbladder and repaired a small umbilical hernia.  (Ex. 6).  Plaintiff returned to MTF on May 26, 2007.  There is no evidence that plaintiff suffered from any post-operative medical complications. (Ex. 7).

On June 15, 2007, Physician's Assistant LaNore examined plaintiff. Plaintiff reported that he was not experiencing any side effects from his medications. Plaintiff related that he still experienced a "knot" in the middle of his stomach, but that gallbladder surgery had reduced his discomfort by "80%." (Ex. 8). Plaintiff stated that his bowel movements were normal. Progress notes catalogue the medications that plaintiff was receiving for treatment of his hypertension and hyperlipidemia. (*Id.* at 3-4). Plaintiff's blood pressure was 144/74. LaNore described the degree of control over plaintiff's hypertension as being "fair." (*Id.* at 1-2). Plaintiff reported that he had been exercising, but he still weighed 195 pounds. Plaintiff was instructed to continue losing weight. LaNore stated that the "tightness" plaintiff experienced following the umbilical hernia repair should improve over time. (*Id.* at 3).

On June 27, 2007, plaintiff submitted a medical kite stating that he was not experiencing any sharp pains, he but did have discomfort in his abdominal area. (Ex. 9). Plaintiff was scheduled for a follow-up examination by his treating surgeon. On July 11, 2007, plaintiff was transported outside the prison for a follow-up examination by Dr. Gluck. Dr. Gluck determined that there were no post-operative problems. Dr. Gluck found that plaintiff was constipated, and he recommended conservative care such as increasing plaintiff's water intake. (Ex. 10).

There is no evidence that Dr. Hutchinson was a treating or consulting physician involved in plaintiff's medical care. Plaintiff alleges that Dr. Hutchinson is employed by CMS in a corporate management role as its senior regional medical director (docket # 1 ¶ IV(C)), but plaintiff submitted no evidence supporting his allegation. It is undisputed that CMS is a private corporation and that it provides medical services to Michigan prisoners under a contract with the State of Michigan.

### Discussion

I.    **Defendants' Motion for Summary Judgment**

    A.    Dr. Hutchinson

        Dr. Hutchinson is identified in plaintiff's complaint as CMS's "Senior Regional Medical Director-Mich." (docket # 1, ¶ IV(C)). The body of plaintiff's complaint contains no factual allegations against Hutchinson. (*Id.*, ¶ V). A *pro se* complaint that merely names a person as a defendant without alleging specific conduct by the defendant is subject to summary dismissal as frivolous. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1994); *see also Ricker v. Caruso*, No. 1:08-cv-139, 2008 WL 746931, at * 2 (W.D. Mich. Mar. 18, 2008)(collecting cases). There is no evidence that Dr. Hutchinson had any involvement in plaintiff's medical care. No reasonable trier of fact could find an Eighth Amendment violation on this record.

        The objective component of an Eight Amendment claim of deliberate indifference requires a showing of a sufficiently serious medical condition or conditions. *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). "A sufficiently serious medical need is predicated on the inmate demonstrating that he or she 'is incarcerated under conditions imposing a substantial risk of serious harm.'" *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005)(quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001); *see Petty v. County of Franklin, Ohio*, 478 F.3d 341, 344 (6th Cir. 2007); *see also Estate of Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005); *Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2004). Plaintiff did not submit medical records in

response to defendants' motion for summary judgment.  The medical evidence the defendants submitted in support of their motion reveals that plaintiff did not suffer any adverse medical consequences as a result any delay in medical treatment.  No reasonable trier of fact could find in plaintiff's favor on the objective component of his Eighth Amendment claim.

Even more patent is plaintiff's inability to prove the subjective component of his Eighth Amendment claim.  The second requirement for a claim of deliberate indifference is that the defendant have a sufficiently culpable state of mind.  In *Farmer v. Brennan*, the Supreme Court held that the subjective element of a claim of deliberate indifference requires at least criminal recklessness.  A defendant cannot be found liable "for denying an inmate humane conditions of confinement unless the official knows and disregards and excessive risk to inmate health or safety; the official must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  511 U.S. at 837;  *see Clark-Murphy v. Foreback*, 439 F.3d 280, 286-87 (6th Cir. 2006); *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005).  There is no evidence on which a reasonable trier of fact could return a verdict in plaintiff's favor on the subjective component of an Eighth Amendment claim against defendant Hutchinson.

B.     CMS

CMS is a private corporation providing medical care to Michigan's prisoners under a contract with the State.  *See Raheem v. Stout*, 101 F. App'x 603, 605 (6th Cir. 2004).  Because the corporation is performing a traditional state function when it provides medical care to prisoners, CMS acts under color of state law for section 1983 purposes.  *West v. Atkins*, 487 U.S. 42, 54 (1988).

However, a private employer cannot be held vicariously liable for the acts of its employees under section 1983. *See Street v. Corrections Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996); *Broyles v. Correctional Med. Servs., Inc.*, No. 1:07-cv-690, 2008 WL 1745554, at * 1 (W.D. Mich. Apr. 14, 2008). A government contractor, like CMS, cannot be held liable under section 1983 on a *respondeat superior* theory. *See Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). CMS could only be held liable under section 1983 for a company custom or policy that caused plaintiff an injury that rose to the level of cruel and unusual punishment in violation of plaintiff's Eighth Amendment rights. *Id.*; *see Starcher v. Correctional Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001)("CMS's liability must [] be premised on some policy that caused a deprivation of Starcher's Eighth Amendment rights."); *see also Broyles*, 2008 WL 1745554, at * 1; *Garcia v. Correctional Med. Servs.*, No. 07-10923, 2008 WL 597191, at * 3 (E.D. Mich. Mar. 3, 2008). Plaintiff has not presented evidence regarding any CMS policy or custom, much less evidence that the corporate policy or custom caused plaintiff to suffer an injury of a constitutional dimension. CMS is entitled to judgment in its favor as a matter of law.

## II.     Plaintiff's Motion for a Preliminary Injunction

On May 12, 2008, plaintiff filed "Motion to Seek Medical Relief." (docket # 49). Plaintiff's motion is liberally construed as a motion for a preliminary injunction. Plaintiff complains of perceived inadequacies in the medical care that plaintiff is receiving at ATF. He requests that the court compel "proper medical testing" and "proper diagnosis of his condition." (*Id.*, at 2). The documents that plaintiff submitted in support of his motion are (1) a grievance that plaintiff filed at

ATF on November 8, 2007, which was rejected because it was untimely; and (2) health care requests that plaintiff filed at ATF on March 13, 2008 and April 29, 2008.

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his [] burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The four factors this court is to consider are well established, *see Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000), and the United States Court of Appeals for the Sixth Circuit reviews decisions granting or denying motions for preliminary injunctions under an abuse of discretion standard. *See Certified Restoration Dry Cleaning, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540-41 (6th Cir. 2007); *Lantech.com v. Yarbrough*, 247 F. App'x 769, 773 (6th Cir. 2007). None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. Plaintiff has not shown a strong likelihood of success on the merits. Plaintiff has not shown irreparable injury. There is no basis for any type of injunctive relief against defendant Lenore. Any claim for injunctive relief against defendant Lenore is clearly moot as a result of plaintiff's transfer to ATF. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 491 (6th Cir. 1995); *see also Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003). The public interest would not be served by issuing a preliminary injunction, and the issuance of a preliminary injunction would constitute unwarranted federal court interference with the medical care the State of Michigan is currently providing to plaintiff as he serves his prison sentence. I recommend that plaintiff's motion be denied.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the motion for summary judgment by defendants CMS and Hutchinson (docket # 33) be granted, and that plaintiff's motion for a preliminary injunction (docket # 49) be denied.


Dated:   June 11, 2008          /s/  Joseph G. Scoville
                                United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).