UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LESLIE SWARTOUT, JR., #362403,  )
                                )
                     Plaintiff, )       Case No. 1:07-cv-315
                                )
v.                              )       Honorable Robert J. Jonker
                                )
THOMAS LaNORE,  P.A.,           )       **MEMORANDUM OPINION**
                                )
                    Defendant.  )
_____)

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983.
The matter is currently before the court on four motions: (1) defendant LaNore's motion to quash
plaintiff's subpoena (docket # 69); (2) plaintiff's "Motion Requesting a Subpoena" against Ms. Alice
Swartout (docket # 68); (3) plaintiff's "Motion for Continuance of Time in Response to Summary
Judgment" and "Motion for Guidance from the Court" (docket # 67); and (4) plaintiff's "Motion of
Intent to Appeal and Motion of Continuance of Time to Submit a Brief in Support of Appeal"
(docket # 73).  For the reasons set forth herein, plaintiff's motions will be denied and defendant's
motion will be granted.

**1.**

On March 2, 2009, plaintiff filed a motion captioned as a "Motion of Intent to Appeal
and Motion of Continuance of Time to Submit a Brief in Support of Appeal."   (docket # 73).  He
requests an extension of time "to Appeal Summary Judgment."  More than a year ago, on June 11,

2008, I entered a report and recommendation which, among other things, recommended that a motion for summary judgment by defendants Correctional Medical Services, Inc. (CMS) and Craig Hutchinson, M.D., be granted. (docket # 52). Plaintiff filed objections to the report and recommendation. (docket # 56). On August 28, 2008, United States District Judge Robert J. Jonker entered an order overruling plaintiff's objections and granting the motion for summary judgment by defendants CMS and Hutchinson. (docket # 58). Judge Jonker's order is not an appealable final judgment disposing of all plaintiff's claims against all defendants. There is no basis for granting an extension because plaintiff's time to appeal has not started to run. Accordingly, plaintiff's motion will be denied.

## 2.

On October 28, 2008, defendant Thomas LaNore, P.A., filed a motion for summary judgment. (docket # 64). On November 18, 2008, plaintiff filed a "Motion for Continuance of Time in Response to Summary Judgment" and "Motion for Guidance from the Court." (docket # 67). Plaintiff did not specify the length of the extension of time he desired. He stated that he was limited to "2 ½ hours a day in the Law Library" and that he needed more time because he had abdominal pain.[1] The court waited for plaintiff to file his brief and deferred making a decision on defendant LaNore's motion for summary judgment. On January 7, 2009, plaintiff filed his response to

---

[1] Plaintiff submitted a copy of his September 22, 2008 abdominal ultrasound as a supporting exhibit. Plaintiff had surgery on November 24, 2008, and he represents to the court that before this surgery he "was unable to sit any period of time and was unable to file proper motions, [d]ue to the ever increasing pain." (docket # 73 at 2). The court takes judicial notice of its own records showing that on September 30, 2008, plaintiff was well enough to sign a lengthy complaint and initiate another lawsuit. *See Swartout v. Michigan Dep't of Corr., et al.*, 1:08-cv-927 (W.D. Mich. 2008).

defendant LaNore's motion for summary judgment. (docket # 71). Plaintiff's motion for an extension of time will be denied as moot.

The second half of plaintiff's motion asks the court for its advice on whether plaintiff should attempt to add "Dr. Brady," a CMS employee, as a new defendant in this lawsuit or whether he should file a new lawsuit against Dr. Brady. Plaintiff's request is improper. The court must act as an impartial decisionmaker. It cannot supply legal advice to one party against another. Plaintiff's motion for "guidance" must be denied.[2]

### 3.

On November 19, 2008, defendant LaNore filed a motion to quash a partially completed subpoena served on his attorney by prisoner Timothy Ronald Brown # 647980. (docket # 69, Ex. A). Prisoner Brown sought to command production of plaintiff's medical records:

> YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): Requesting all medical records from the dates of July 1, 2006 to October 31, 2008, to include all files electronically filed and/or stored. Requesting all Health Care request forms sent to Health Care by plaintiff by filing the complaint of medical issue [sic]. To be sent to Plaintiff.

(*Id.*). Defendant's motion to quash will be granted because, among other things, the subpoena did not identify the place, date, or time for the production of responsive documents.

Further, prisoner Brown is a non-attorney and non-party. He is a stranger to this lawsuit, and cannot subpoena anything in connection with it. Federal law plainly prohibits prisoner Brown from representing plaintiff. Under the provisions of 28 U.S.C. § 1654, a person may

---

[2] Court records reveal that plaintiff elected to file another lawsuit. On February 13, 2009, he filed a complaint against Dr. Darrell Brady, CMS, Dr. Craig Hutchinson, and Thomas LaNore, P.A. *See Swartout v. Correctional Med. Serv.*, *et al.*, 1:09-cv-132 (W.D. Mich. 2009).

prosecute an action either through counsel or *pro se*.   A *pro se* litigant, however, is limited to representing himself and may not act in a representative capacity for any other person.   *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007).   "The statute does not permit 'unlicensed laymen to represent anyone else other than themselves.'"   *Id.* (quoting *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)).   *Pro se* parties may assert only their own claims and cannot represent others.   *See, e.g., Winkleman ex rel. Winkleman v. Parma City Sch. Dist.*, 550 U.S. 516, 522-23 (2007); *Garrison v. Michigan Dep't of Corr.*, Nos. 08-1222, 08-1273, 08-1278, 2009 WL 1491463, at * 3 (6th Cir. May 28, 2009); *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003).

Prisoner Brown mailed the subpoena to plaintiff's attorney from the Parr Highway Correctional Facility.   (docket # 69, Ex. A).   Service by mail does not suffice.   "Serving a subpoena requires delivering a copy to the named person . . . ."   FED. R. CIV. P. 45(b)(1).   Mailing a copy of a subpoena has generally been deemed insufficient.   *See Chima v. United States Dep't of Defense*, 23 F. App'x 721, 724 (9th Cir. 2001); *see also MAC Funding Corp. v. ASAP Graphics, Inc.*, No. 08-61785, 2009 WL 1564236, at * 1 (M.D. Fla. June 3, 2009);   *McClendon v. TelOhio Credit Union, Inc.*, No. 2:05-cv-1160, 2006 WL 2380601, at * 2 (S.D. Ohio Aug. 14, 2006)

Assuming *arguendo* that this subpoena had been properly delivered and that it had supplied the place, date, or time for the production of responsive documents, defendant LaNore would still be entitled to relief.   Generally, subpoenas under Rule 45 of the Federal Rules of Civil Procedure are not meant to serve as discovery tools among parties.   *See, e.g., Grant v. Hatchett*, No. 1:08-cv-73, 2009 WL 467569, at * 4 (E.D. Tenn. Feb. 23, 2009); *Thomas v. IEM, Inc.*, No. 06-886-B-M2, 2008 WL 695230, at * 2 (M.D. La. Mar. 12, 2008) (collecting cases); *Kean v. Van Dyken*, No. 4:04-cv-64, 2006 WL 374502, at * 6 (W.D. Mich. Nov. 9, 2006) (same).   The Federal Rules of

Civil Procedure provide a separate mechanism under Rule 34 for obtaining document discovery from

other parties:

> [U]nder Fed.R.Civ.P. 45, subpoenas duces tecum generally apply to non-parties (i.e.
> "persons") as opposed to parties like the Defendants. *See* FED. R. CIV. P. 45(a); C. WRIGHT
> & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2107 ("Though the rules do not say so
> expressly, a subpoena is not necessary if the person [from whom the documents are sought]
> is a party."). Indeed, the Federal Rules of Civil Procedure provide a separate mechanism for
> obtaining document discovery from other parties by serving a document request on them.
> *See* FED. R. CIV. P. 34; *Hasbro v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996)("Rule 45,
> to the extent it concerns discovery, is ... directed at non-parties [while] Rule 34 governs
> discovery of documents in the possession or control of the parties themselves"). Here, the
> Plaintiff wants to serve his subpoenas on parties to this suit; however, he should properly
> obtain such discovery through Rule 34 document requests. Thus, we can simply ignore his
> request that the Court issue these Rule 45 subpoenas.

*Smith v. Pendergrass*, Nos. 1:02-cv-125, 1:02-cv-126, 2003 WL 21919182, at *3 (N.D. Ind. June

17, 2003). Plaintiff did not serve defendant with any Rule 34 requests for production of documents.

Defendant's motion to quash the subpoena will be granted.

**4.**

On November 18, 2008, plaintiff filed his "Motion Requesting a Subpoena." (docket

# 68). Plaintiff's three-paragraph motion is cryptic, but the court is able to discern that plaintiff is

requesting that the court have a subpoena served on a non-party, Ms. Alice Swartout of Muskegon,

Michigan, ordering her to produce at the Parr Highway Correctional Facility (ATF) in Adrian,

Michigan, "a Medical File" for plaintiff's inspection or copying. Plaintiff's motion is moot. He is

no longer an inmate at ATF. He has been released from prison on parole and currently resides in

Grand Rapids, Michigan, a short distance from Muskegon. (docket # 76).

Assuming *arguendo* that plaintiff's motion had not been rendered moot by his release

on parole, the court would nonetheless deny his motion on the present record. The court has an

obligation to make sure that the subpoena would not impose an undue burden or expense on Ms. Swartout. *See* FED. R. CIV. P. 45(c)(1). Plaintiff did not specify the nature of his relationship with Ms. Swartout. He claimed that while he was an inmate at ATF, he was "unable" to get documents from Ms. Swartout, without describing any attempts that he made to obtain the documents. His motion contains a vague allusion to a "PPO" from an unidentified court: "Plaintiff, at this time is not allowed to have contact with Alice Swartout due to third party involvement of filing this alleged (PPO) [sic]." (docket # 68, ¶ 3). Plaintiff did not support his motion with a copy of the PPO. If such an order exists, it raises a substantial likelihood that plaintiff is involving this court in an effort to harass Ms. Swartout. If no such court order exists, plaintiff faces no impediment to obtaining documents on his own without involving the court.

## **Conclusion**

For the reasons set forth herein, defendant's motion (docket # 69) will be granted, and plaintiff's motions (docket #'s 67, 68, 73) will be denied.

Dated: June 18, 2009                  /s/  Joseph G. Scoville
                                      United States Magistrate Judge