UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE SWARTOUT, JR., #362403

        Plaintiff,

v.

CASE NO. 1:07-CV-315

HON. ROBERT J. JONKER

THOMAS LaNORE, P.A.,

        Defendant.

_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 79) and Plaintiff's Objections (docket # 84). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Defendant's motion for summary judgment (docket # 64) be granted and that a final judgment be entered in favor of Defendants

LaNore, Dr. Craig Hutchinson, and Correctional Medical Services, Inc.[1] Plaintiff raises a number of objections, but none of the objections undermine the conclusion of the Magistrate Judge. After a de novo review of the record, the Court orders that Defendant's motion for summary judgment be granted.

Plaintiff Leslie Swartout objects to the Magistrate Judge's conclusion that the extensive medical care provided to him by Mr. LaNore passed muster under the Eighth Amendment. He contends that Mr. LaNore's failure to pursue particular forms of treatment for his physical ailments amounted to deliberate indifference to his medical needs in violation of the Eighth Amendment. He further contends that Mr. LaNore's alleged knowing failure to treat adequately his renal disease caused irreversible injury to him. There is no evidence on the record, however, that the medical care provided to Mr. Swartout was medically deficient or that Mr. LaNore knew or even suspected that Mr. Swartout had renal problems. Additionally, Mr. Swartout's disagreement with Mr. LaNore's diagnosis and particular treatment cannot support an Eighth Amendment claim. *See, e.g.*, *Hix v. Tenn. Dep't of Corr.*, 196 Fed. Appx. 350, 357 (6th Cir. 2006); *Thomas v. Coble*, 55 Fed. Appx. 748, 749 (6th Cir. 2003) (holding that a difference of opinion between a doctor and patient regarding preferred treatment "does not support an Eighth Amendment claim").

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed April 21, 2009, is approved and adopted as the opinion of this Court, as further supplemented by this Order.

---

[1] On August 28, 2008, the Court entered an order granting summary judgment to defendants Dr. Hutchinson and CMS (docket # 58).

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (docket # 64) is **GRANTED**.


Dated:   September 21, 2009           /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE